UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE RUMMEL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13 CV 1743 RWS |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Theodore Rummel's motion for partial summary judgment [#18] and Defendant Massachusetts Mutual Life Insurance Company's related motion to deny or continue the summary judgment motion pending further discovery [#23]. For the reasons set forth below, I will deny Plaintiff's motion and grant Defendant's motion.

Theodore Rummel ("Rummel") purchased a disability insurance policy from Massachusetts Mutual Life Insurance Company ("MassMutual") in 1998. In October 2009, Rummel exercised his right to increase his benefits. In March 2010, Rummel experienced a problem with his back and was unable to work. When Rummel made a claim for disability income benefits, MassMutual approved the claim in the amount of $12,250 per month, but refused to pay Rummel amount of benefits he increased in October 2009. Rummel claims he is owed $17,250 per month. On July 31, 2013, Rummel filed this action in the 22nd Judicial Circuit Court of Missouri, alleging that MassMutual breached their contract. Rummel also seeks damages for vexatious refusal to pay. On September 4, 2013, MassMutual removed this action

to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.

Rummel now moves for partial summary judgment. Rummel maintains that his motion presents a narrow question of law: whether MassMutual can use a subsequent disability to claim that Rummel sustained a recurring disability. Rummel argues that this issue is ripe for judicial determination because it turns solely on contract interpretation. In response, MassMutual has filed a motion under Federal Rule of Civil Procedure 56(d), asking me to deny Rummel's motion as premature or continue the motion pending further discovery.

The purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment. U.S. ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419,426 (8th Cir. 2002). "[T]he rule should be applied with a spirit of liberality." Id. "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006) (citing Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc., 162 F.3d 991, 996 (8th Cir. 1996)). "Rule 56[d] allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." Id. (citing Small Bus. Admin. v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985)).

This case is still in the relatively early stages of litigation. According to the Case Management Order entered in this matter, discovery is to be completed by June 30, 2014, and parties have until August 1, 2014 to file dispositive motions. MassMutual insists that it has not had adequate time to conduct discovery. At the time MassMutual filed its response, it had not

yet received Rummel's medical records or had the opportunity to take depositions. Because MassMutual has made a good faith showing that additional discovery may inform its response to Rummel's motion for partial summary judgment, I will deny the motion as premature. While Rummel argues that additional discovery is not necessary because his motion turns on contract interpretation, courts have found it proper to allow discovery even in actions for a simple declaratory judgment on a contract. See, e.g., Martindale Corp. v. Heartland Inns of Am. L.L.C., No. 08–CV–2065–LRR, 2009 WL 362270, at *1 (N.D.Iowa 2009); Nelson v. American Home Assur. Co., Civ. No. 11–1161 (RHK/FLN), 2011 WL 2397160, at *2 (D.Minn. June 13, 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to deny Plaintiff's motion for partial summary judgment as premature [#23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment [#18] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time to respond to Plaintiff's motion for partial summary judgment [#22] is **DENIED** as moot.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2014.