UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE S. RUMMEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV1743 RLW |
| | ) |
| MASSACHUSETTS MUTUAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Massachusetts Mutual Life Insurance Company's Motion for Protective Order and Sanctions (ECF No. 52). This matter is fully briefed and ready for disposition.

In the Motion, Defendant maintains that Plaintiff's counsel's unauthorized cell phone recording of two different 30(b)(6) depositions in this case violated Massachusetts' Wiretap Act, Federal Rule of Civil Procedure 30, and Missouri's ethical standards.[1] In response, Plaintiff's counsel asserts that she was merely "bluffing" about recording the first deposition and claims that she only turned on her phone recorder during the second deposition after informing defense counsel of her intention to do so. (ECF No. 55; 55-1, ¶3). She states that she falsely claimed that she had recorded the previous deposition out of frustration over the deponent's long pauses between the question and the answer and because of the deponent's limited time availability for the deposition. (ECF No. 55-1, ¶¶4-5). In reply, Defendant notes that "bluffing," or providing an intentional falsehood, violates Missouri's ethical rules. (ECF No. 56 (citing Mo. Rule 4-4.1 (counsel is prohibited from making false statements); Mo. Rule 4-8.4(c) (counsel shall not engage

---

[1] The 30(b)(6) deponent and defense counsel were in Springfield, Massachusetts, but Plaintiff's counsel was in St. Louis, Missouri during the deposition.

in dishonesty, fraud, deceit, or misrepresentation)). Defendant also notes that Plaintiff's counsel admitted that she turned on the voice recorder on her cell phone and recorded the second 30(b)(6) deposition after Defendant refused to consent to the recording. Finally, although Plaintiff's counsel contends that she did not save the recording of the deposition (ECF No. 55 at 2), Defendant points out that Plaintiff's counsel has never verified under oath that no recording of either 30(b)(6)deposition exists. (ECF No. 56 at 4).

The Court holds that Plaintiff's counsel improperly recorded the 30(b)(6) deposition. The Court orders Plaintiff's counsel to either (1) produce any recording of the 30(b)(6) deposition to Defendant and not retain any copy of the deposition, or (2) verify, under oath, that no recording of the 30(b)(6) deposition exists, other than the official stenographer's copy. While the Court will not impose any monetary sanction on Plaintiff's counsel at this time, the Court will reconsider this position if Plaintiff or its counsel attempts to use the 30(b)(6) deposition recording in any manner.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Massachusetts Mutual Life Insurance Company's Motion for Protective Order and Sanctions [ECF No. 52] is **GRANTED**, in part. Plaintiff's counsel shall either (1) produce any and all recordings of the 30(b)(6) deposition to Defendant and shall not retain any copy of the deposition, or (2) verify, under oath, that no recording of the 30(b)(6) deposition exists, other than the official stenographer's copy

Dated this 19th day of September, 2014.

                                                                                 RONNIE L. WHITE
                                                                                 UNITED STATES DISTRICT JUDGE